IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRISTAN WAYNE CRAWFORD, #319113, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 2:21-cv-343-WHA-SMD [WO] |
| WALTER MYERS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Tristan Wayne Crawford (Plaintiff), an inmate currently confined at the Limestone Correctional Facility, brings this action under 42 U.S.C. § 1983. *Compl.* (Doc. 1) p. 1. On May 14, 2021, the undersigned ordered Plaintiff to pay a partial filing fee of $26.05 by no later than June 4, 2021. *Order* (Doc. 3) p. 2. The undersigned cautioned Plaintiff that failure to comply with the order would result in a recommendation that this case be dismissed. *Id.* at 3. The undersigned later extended Plaintiff's time for paying the fee to August 19, 2021. *Order* (Doc. 7) p. 1. To date, Plaintiff has not paid the fee.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d

1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to pay a partial filing fee as ordered. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Thus, the undersigned RECOMMENDS that this case be DISMISSED without prejudice. It is ORDERED that the parties shall file any objections to this Recommendation on or before **October 12, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 28th day of September, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE